UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Francieca David<br><br>         Plaintiff,<br><br><br> -v.-<br><br>Gem Recovery Systems<br><br>         Defendant. | Civil Action No: _____<br><br>**COMPLAINT** |

Plaintiff Francieca David ("Plaintiff" or "David"), by and through her attorneys, RC Law Group, PLLC, as and for its Complaint against Defendant Gem Recovery Systems ("Defendant" or "Gem"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## **INTRODUCTION/PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

## **PARTIES**

2. Plaintiff is a resident of the State of New Jersey, County of Essex, residing at 671 Lincoln Avenue, 410, Orange, NJ, 07050.

3. Defendant is a debt collector with an address at 99 Kinderkamack Road, Suite 308, Westwood, NJ, 07675.

4. Gem Recovery Systems is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

### JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

### FACTUAL ALLEGATIONS

7. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

9. This debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. On or around September 16, 2016, Defendant sent an initial collection letter to Plaintiff.

11. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication, provide the consumer with a written validation notice which must include the following information:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

12. The FDCPA further provides that if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector. 15 U.S.C. § 1692g(b).

13. This letter contains the "g-notice" but is completely overshadowed by the earlier paragraph in the letter.

14. Although a collection letter may track the statutory language, ''the collector nonetheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.'' <u>Russell v. EQUIFAX A.R.S.</u>, 74 F.3d 30, 35 (2d Cir. 1996) (''It is not enough for a debt collection agency simply to include the proper debt validation notice in a mailing to a consumer-- Congress intended that such notice be clearly conveyed.''). Put differently, a notice containing ''language that 'overshadows or contradicts' other language informing a consumer of her rights . . . violates the Act.'' <u>Russell</u>, 74 F.3d at 34.

15. The letter states, "since your account is delinquent we will use any collection activity necessary to collect this debt due to our client."

16. Further it states, " Our policy is to report delinquent information to Trans Union and Experian Credit Bureaus which may impair your credit rating and your ability to obtain credit in the future."

17. This language overshadows the ''g-notice'' and coerces the consumer to not exert her rights under the Fair Debt Collections Practices Act.

18. Each and every aspect of this paragraph threatens the consumer's validation rights and coerces payment from the consumer by making threats during the initial thirty-day period.

19. Additionally this letter was mailed in a window envelope.

20. The envelope's window displayed personal and confidential information concerning the Plaintiff, specifically, the account number associated with the debt.

21. The aforementioned information displayed through the window is personal identifying information relevant to the Alleged Debt.

22. As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

### FIRST CAUSE OF ACTION
### (Violations of the FDCPA)

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

24. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692f, and 1692g.

25. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

### PRAYER FOR RELIEF

**WHEREFORE**, Francieca David demands judgment from the Defendant Gem Recovery Systems as follows:

   a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)1;

   b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

   c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

   d) A declaration that the Defendants practices violated the FDCPA; and

e)  For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: Hackensack, New Jersey
November 16, 2016

/s/Yaakov Saks Esq.
Yaakov Saks Esq.
**RC Law Group, PLLC**
285 Passaic Street
Hackensack, NJ 07601
Phone: 201.282.6500 ext. 101
ysaks@rclawgroup.com