UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| FRANCIECA DAVID, | |
|---|---|
| Plaintiff, | Civil Action No. |
| v. | 2:16-cv-08562-SDW-SCM |
| GEM RECOVERY SYSTEMS, | **OPINION AND ORDER ON ATTORNEY FEES AND COSTS** |
| Defendant. | **[D.E. 16]** |

**STEVEN C. MANNION,** United States Magistrate Judge.

Before this Court is Plaintiff, Francieca David's ("Ms. David") motion for attorneys' fees and costs seeking $8,052.75, following her acceptance of an Offer of Judgment from Defendant Gem Recovery Systems ("Gem").[1] Gem opposed the motion.[2] The Court has jurisdiction[3] over this action and considered the parties' submissions.[4] For the reasons stated herein, Ms. David's motion for attorneys' fees and costs is **GRANTED IN PART**. The Court will award Ms. David $4,632.50 in attorneys' fees and $499.00 in litigation costs, for a total award of $5,131.50.

---

[1] (ECF Docket Entry No. ("D.E.") 16, Mot. for Fees and Costs); Fed. R. Civ. Proc. 68.

[2] (D.E. 19, Def.'s Opp'n).

[3] 28 U.S.C. § 1331.

[4] The parties consented to magistrate judge jurisdiction and the District Court referred this case to the undersigned to conduct all proceedings. (D.E. 22).

1

## I. BACKGROUND AND PROCEDURAL HISTORY[5]

Ms. David filed her Complaint on November 16, 2016, alleging that Gem Recovery Systems, violated the Fair Debt Collect Practices Act ("the Fair Debt Act") in attempting to collect a consumer debt from Ms. David.[6] Gem is a debt collection firm.[7] Ms. David alleges that on September 16, 2016, Gem attempted to collect on her consumer debt by issuing a collection letter, the terms of which violated the Fair Debt Act.[8]

The Fair Debt Act requires that debt collectors provide consumers with written notice of certain rights with regard to the validation of debts.[9] Ms. David alleges that although Gem provided the notice of rights required under the Fair Debt Act, the immediately preceding paragraph "completely overshadowed" and contradicted the subsequent notice of rights[10] in violation of the Act.[11] Additionally, Ms. David alleges that Gem mailed the collection letter "in a window envelope which revealed Ms. David's account information to the public" which also violated the Fair Debt Act.[12]

---

[5] The allegations set forth within the pleadings and motion record are relied upon for purposes of this motion only. The Court has made no findings as to the veracity of the parties' allegations.

[6] (D.E. 1, Compl. at ¶3-4, 8-10).

[7] *Id.*

[8] (D.E. 1, Compl. at ¶11-18).

[9] 15 U.S.C. § 1692g(a)

[10] (D.E. 1, Compl.at ¶13-18).

[11] (D.E. 1, Compl.at ¶13-18 (citing *Russel v. Equifax A.R.S.*, 74 F.3d 30, 35 (2d Cir. 1996))).

[12] (D.E. 16-5, Pl.'s Brief, at 2-3).

Subsequently, the parties litigated the case lightly and briefly. Gem filed its Answer on December 21, 2016.[13] Thereafter, Ms. David prepared and served discovery, but Gem did not respond.[14] On March 31, 2017, the Court held a Rule 16 conference[15] and on April 25, 2017, the Court held a settlement conference.[16] On May 30, 2017, Gem served an Offer of Judgment ("the Offer") under Rule 68,[17] which states in relevant part:

> Defendant . . . hereby offers to allow Judgment to be entered against it in this action, as follows: 1. In the amount of [$1,001.00], in full satisfaction of the Plaintiff's claims, and 2. [f]or costs incurred to the date of this offer, and 3. [f]or reasonable attorney fees incurred to the date of this offer in the amount to be determined by the Court, or through negotiation.[18]

Ms. David received the Offer, but did not execute the document, alleging that because the Offer did not contain a signature line it "could not be executed."[19] In turn, Ms. David requested that Gem revise the Offer by adding a signature line.[20] Without changing any other language or dates in the Offer, Gem added the signature line, and re-sent the Offer on June 26, 2017; Ms. David accepted the Offer on June 28, 2017.[21]

---

[13] (D.E. 6, Answer).

[14] (D.E. 16-5, Pl.'s Br., at 2-3).

[15] (D.E. 7, Scheduling Order).

[16] (D.E. 10, Pretrial Scheduling Order).

[17] Fed. R. Civ. Proc. 68(a).

[18] (D.E. 14, Offer of J.).

[19] (D.E. 16-5, Pl.'s Br., at 4).

[20] *Id.*

[21] *Id.*

The parties negotiated but were unable to settle the issue of Ms. David's reasonable attorneys' fees and costs, and on July 10, 2017, Ms. David filed the present motion for attorneys' fees and costs.[22] On July 25, 2017, Gem filed a Certification in opposition.[23]

Ms. David's motion seeks $8,052.75 in attorneys' fees and costs for two attorneys and one staff member.[24] Gem opposes Ms. David's motion on several grounds. Gem contends that Ms. David may not recover fees beyond the date of the Offer, May 30, 2017; that Ms. David's attorneys expended an unreasonable number of hours on certain tasks; and that Ms. David may not recover for the hours an unidentified staff member spent on administrative tasks.[25]

## II.   LEGAL STANDARD

Under the Fair Debt Act, a "debt collector who fails to comply with any provision"[26] of the Act "with respect to an individual plaintiff is liable for any actual damages sustained as well as statutory damages as awarded by the court, not to exceed $1,000.00."[27] In the case of successful actions to enforce liability, the Act provides for an award of "the costs of the action, together with a reasonable attorney's fee as determined by the court."[28]

---

[22] (D.E. 16, Pl.'s Motion for Attorneys' Fees and Costs).

[23] (D.E. 19, Def.'s Opp'n).

[24] (D.E. 16-7, Ex. A, Itemized & Expense Charges).

[25] (D.E. 19, Def.'s Opp'n, at ¶5-10).

[26] 15 U.S.C. § § 1692k(a)(1), (a)(2)(A).

[27] *Bilazzo v. Portfolio Recovery Assocs., LLC*, 876 F. Supp. 2d 452, 457 (D.N.J. 2012); *see also Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991).

[28] 15 U.S.C. § 1692k(a)(3); *see also Graziano*, 950 F.2d at 113).

4

In the context of awarding attorneys' fees under the Fair Debt Act, a plaintiff may be considered a "prevailing party" if a "plaintiff succeeds on any significant issue in litigation which achieves some of the benefit plaintiff sought by bringing the suit."[29] The Third Circuit has held that successful cases under the Fair Debt Act require an award of attorney's fees and that those fees "should not be construed as a special or discretionary remedy."[30]

The Fair Debt Act specifically provides that an attorney's fee under the Act must be "reasonable,"[31] one which is "adequate to attract competent counsel, but which [does] not produce windfalls to attorneys."[32] In order to determine a reasonable fee under the Fair Debt Act, courts must calculate the "lodestar" amount by "multiplying the total number of hours reasonably expended by a reasonable hourly rate."[33]

As the moving party, Ms. David bears the burden of proving that its requested hourly rates and hours claimed are reasonable.[34] If the opposing party wishes to challenge the fee award, the opposing party must then object "with sufficient specificity."[35] Once an "adverse party raises specific objections to the fee request, the district court has a great deal of discretion to adjust the

---

[29] *Bilazzo*, 876 F. Supp. 2d at 457.

[30] *Graziano*, 950 F.2d at 113.

[31] 15 U.S.C. § 1692k(a)(3).

[32] *Pub. Interest Research Grp. v. Windall*, 51 F.3d 1179, 1185 (3d Cir.1995) (internal quotation marks omitted) (citations omitted).

[33] *Bilazzo*, 876 F. Supp. 2d at 458.

[34] *See Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)).

[35] *Id.*

award in light of those objections."[36] After such an objection, "the party requesting fees must demonstrate to the satisfaction of the court that its fee request is reasonable."[37]

### III. DISCUSSION AND ANALYSIS

With the above principles in mind, the Court notes that Gem does not dispute that the Fair Debt Act provides for an award of reasonable attorney's fees and costs, nor does Gem dispute that Ms. David is a prevailing party in this matter due to her recovery of a judgment for $1,001.00.[38] Accordingly, the only issue in dispute is whether the requested attorneys' fees are reasonable.

### a. Breakdown of Fee Award Sought

Ms. David seeks an award of attorneys' fees totaling $7,553.75.[39] Ms. David requests an award of fees for two attorneys and one staff member for their respective time spent on this matter. As seen below, Ms. David's attorneys charged lower rates for some services, such as travel time.

1. Yaakov Saks, Esq. for 6.3 hours at $375.00 per hour, and 2.0 hours at $250.00 per hour – totaling $2862.50;

2. Rachel B. Drake, Esq. for 12.6 hours at $325.00 per hour, 2.8 hours at $125.00 per hour, and 0.3 hours at $375.00 per hour – totaling $4557.25;

3. "JPADRON," a staff member, for 1.5 hours at $125.00 per hour, and 0.1 hours at $75.00 per hour – totaling $195.00.[40]

---

[36] *Blakey v. Cont'l Airlines*, 2 F. Supp. 2d 598, 602 (D.N.J. 1998) (citations omitted).

[37] *Interfaith*, 426 F.3d at 703 n.5.

[38] (D.E. 19, Def.'s Opp'n; D.E. 15 Notice of Acceptance).

[39] (D.E. 16-5, Pl.'s Br., at 13).

[40] (D.E. 16-7, Ex. A, Itemized & Expense Charges).

Altogether, and after a clerical error of $61.00,[41] Ms. David seeks to recover $7,553.75 in attorneys' fees.[42] Ms. David also seeks to recover $499.00 in litigation costs, which include the $400.00 filing fee for the complaint.[43] Gem does not dispute Ms. David's ability to recover $499.00 in litigation costs pursuant to the Offer.[44] Accordingly, the Court will add the $499.00 in costs to the lodestar calculation set forth below.

### b. Compensable Period

As a preliminary matter, Gem objects to the inclusion of any fees incurred after the date in the Offer of Judgment ("the Offer"), May 30, 2017.[45] In contrast, Ms. David seeks attorneys' fees through June 28, 2017, when she accepted the Offer.[46]

Under Rule 68, a party may offer to allow judgment against it "on specified terms, with the costs then accrued."[47] "Thus, an offer of judgment pursuant to Rule 68 constitutes a contract which 'should be interpreted like any other contract.'"[48] In drafting the terms of an offer of judgment "a

---

[41] *Id.* (revealing clerical errors on some line items, *e.g.* line item 11 which lists one hour at $250.00 per hour, but billed only $232.50). For ease of analysis, the Court will ignore these clerical errors.

[42] (D.E. 16-1 Aff. in Supp. of Mot., at ¶10).

[43] (D.E. 16-1 Aff. in Supp. of Mot., at ¶9).

[44] (D.E. 19 Def.'s Opp'n).

[45] (D.E. 19 Def.'s Opp'n, at ¶5).

[46] (D.E. 16-5, Pl.'s Br., at 4).

[47] Fed. R. Civ. Proc. 68(a)

[48] *Bilazzo*, 876 F. Supp. 2d at 459 (*quoting Kyreakakis v. Paternoster*, 732 F.Supp. 1287, 1290 n. 3 (D.N.J.1990)).

7

party may specify within the offer of judgment a cut-off date for the accrual of fees and costs," which acts as "an enforceable temporal limitation on [plaintiff's] potential attorney's fees."[49]

In the present case, the relevant language of Gem's Offer provides "[f]or reasonable attorney fees *incurred to the date of this offer* in an amount to be determined by the Court, or through negotiation."[50] Gem served the Offer on May 30, 2017, and listed that same date as the date of the Offer.[51]

Nevertheless, Ms. David argues for attorneys' fees beyond that date, because the Offer "was deficient in that it lacked any place for Plaintiff to sign and accept the Offer, and, therefore, could not be executed," and requested that Gem revise the Offer by adding a signature line.[52] Without changing any other language or dates in the Offer, Gem added the signature line, and re-sent the Offer on June 26, 2017.[53] Ms. David accepted the Offer on June 28, 2017.[54]

Consequently, Ms. David alleges that Gem caused the delay in this matter and that Ms. David "was forced to spend more time in this matter" preparing status letters and participating in conferences.[55] Additionally, Ms. David seeks compensation for attorneys' fees for the preparation and defense of this fee application – ostensibly for "[Gem]'s refusal to negotiate the fee issue."[56]

---

[49] *Id.*

[50] (D.E. 14, Offer of J., at ¶3(emphasis added)).

[51] (D.E. 14, Offer of J., at 2).

[52] (D.E. 16-5, Pl.'s Br., at 4).

[53] *Id.*

[54] *Id.*

[55] (D.E. 16-5, Pl.'s Br., at 4, 11).

[56] (D.E. 16-5, Pl.'s Br., at 12).

The Court disagrees with Ms. David on both contentions. As a preliminary matter, Ms. David's assertion that she could not accept the Offer without a signature line lacks merit.[57] Under Rule 68, an opposing party need only "serve[] written notice accepting the offer," after which, "either party may then file the offer *and* notice of acceptance, plus proof of service."[58] In other words, Rule 68 allowed Ms. David to file an entirely separate document as the notice of acceptance, and Ms. David was able to accept the terms of the Offer as of May 30, 2017.[59]

Regardless of the cause of the delay, however, the Offer plainly states that it allows for reasonable attorneys' fees "incurred to the *date of th[e] offer*," which was May 30, 2017.[60] Ms. David relies on case law from the Third Circuit to argue that time spent on a Fair Debt Act fee petition is generally compensable,[61] but none of those cases involved an offer of judgment, as in the present case, which presents a contractual, temporal limitation on attorneys' fees.[62]

Here, although Gem added a signature line for Ms. David on June 26, 2017, it did not change the date of the Offer.[63] Ms. David's counsel's hand-written notation on the Offer accepting it "as of June 28, 2017," does not change the *date of the Offer*, it merely signifies the *date of acceptance*.[64]

---

[57] (D.E. 16-5, Pl.'s Br., at 4, 11).

[58] Fed. R. Civ. Proc. 68(a) (emphasis added).

[59] *Id.*

[60] (D.E. 14, Offer of J. (emphasis added)).

[61] (D.E. 16-5 Pl.'s Br., at 12).

[62] *Bilazzo*, 876 F. Supp. 2d at 459.

[63] *Id.*

[64] *Id.* (*citing Weed-Schertzer v. Nudelman, Klemm & Golub*, No. CIV.A. 10-6402, 2011 WL 4436553, at *5–6 (D.N.J. Sept. 23, 2011)).

Taken together, the Court finds that the terms of Gem's Offer were clear and constitute a reasonable temporal limitation on Ms. David's recoverable attorneys' fees.[65] If Ms. David "wanted to ensure recovery of attorneys' fees incurred after the date of the Offer, including those related to preparation of this motion, [she] was free to reject the Offer outright or negotiate for different terms."[66] Ms. David did not do so, and in accepting the Offer, Ms. David agreed to limit her recoverable attorneys' fees to those incurred through May 30, 2017.[67]

Accordingly, consistent with the terms of the Offer, the Court will exclude the amount for services after May 30, 2017, which total $1,778.75.[68]

### c. Reasonable Hourly Rates

Next, the Court will decide whether Ms. David's requested hourly rates are reasonable. Ms. David submits the Declarations of Yaakov Saks, Esq. ("Saks") and Rachel B. Drake, Esq., ("Drake"), attorneys at the law firm of RC Law Group, PLLC, in support of Ms. David's motion for fees and costs.[69]

Since Gem does not contest Mr. Saks and Ms. Drake's hourly rates, this Court approves Ms. David's requested hourly rates at $375.00 per hour for Mr. Saks, and $325.00 per hour for Ms. Drake.

---

[65] *Id.*

[66] *Id.* at 460.

[67] *Id.* at 460-61.

[68] (D.E. 16-6, Ex. A – Itemized Time & Expenses, at 3-4).

[69] (D.E. 16-1, Decl. of Yaakov Saks, Esq.; D.E. 16-3, Decl. of Rachel B. Drake, Esq.).

### d. Reasonable Hours Expended

Turning then, to whether Ms. David's claimed hours are reasonable, a party "is not automatically entitled to compensation for all the time its attorneys spent working on the case."[70] Instead, a court must "decide whether the hours set out were reasonably expended for each of the particular purposes described, and then exclude those that are excessive, redundant, or otherwise unnecessary."[71] A court "may not reduce an award *sua sponte*" and must only do so in response to the opposing party's specific objections.[72] Once an opposing party has made a specific objection, the burden lies with the prevailing party to justify its request.[73]

Gem objects to the following time entries:

(1)   November 16, 2017, Mr. Saks – "Draft/revise complaint and file (2.7)";

(2)   May 18, 2017, Ms. Drake – "Draft/revise – discovery demands (2.1)";

(3)   May 18, 2017, Ms. Drake – "Document/File Management – serve discovery (.2)";

(4)   May 18, 2017, Mr. Saks – "Review/analyze discovery demands (1.0)."[74]

As to the Mr. Saks' drafting of the Complaint, Gem contends that the Complaint in this matter is "identical except for names and dates" in three separate actions by Ms. David's counsel and Gem.[75] Gem alleges that all Mr. Saks would have needed to draft this six-page Complaint was

---

[70] *Interfaith*, 426 F.3d at 711.

[71] *Id.* (internal quotation marks omitted).

[72] *Id.*

[73] *Id.*

[74] (D.E. 16-6, Ex. B, Itemized Time & Expenses, at 3; D.E. 19, Def.'s Opp'n, at ¶9-10).

[75] (D.E. 19, Def.'s Opp'n, at ¶9).

to enter a name and date "in a search and replace function on any word processing program."[76] Consequently, Gem argues that it "is inconceivable that an experienced attorney, as Mr. Saks . . . could spend" 2.7 hours on this Complaint.[77] After a review of the Complaint and since Ms. David offered no response to this objection, the Court will reduce the requested time by 1.2 hours, and thus, Ms. David can recover fees for 1.5 hours of Mr. Saks' time billed on this Complaint.

Similarly, as to the remaining disputed entries, Gem objects to the 3.3. hours allegedly spent for the preparation and service of discovery in this matter.[78] Gem contends that Ms. David's discovery demands "are form interrogatories, requests for admission, and [a] request for the production of documents," which have no individualization specific to this case.[79] Like the Complaint, Gem submits that Mr. Saks and Ms. Drake could have entered the names and dates easily "through a search and replace function in a word processing program."[80] Gem did not, however, provide the Court with a copy of these discovery documents.

Nevertheless, Ms. David offered no response to this specific objection, and since Ms. David has not satisfied her burden to establish that the claimed time is reasonable,[81] the Court will reduce Ms. Drake's time billed by 1.0 hour, and Mr. Saks' time billed by 0.5 hours, for the preparation and service of discovery in this matter. Accordingly, Ms. David can recover fees for 1.3 hours of time billed by Ms. Drake, and for 0.5 hours of time billed by Mr. Saks.

---

[76] *Id.*; (D.E. 1, Compl.).

[77] (D.E. 19, Def.'s Opp'n, at ¶9).

[78] (D.E. 19, Def.'s Opp'n, at ¶10).

[79] *Id.*

[80] *Id.*

[81] *Interfaith*, 426 F.3d at 703 n.5.

Lastly, Gem objects to the 1.6 hours of time billed by a staff member identified only as "JPADRON."[82] Gem argues that this person is not a legal professional, and alternatively, this person's services, which are listed as "Document/File Management – enter docs and info . . . Document Filing of summons . . . [and] Communicate (in firm)"[83] are not billable because they are "entirely clerical in nature."[84]

As a general rule, attorneys do not normally bill clerical or administrative tasks to paying clients, and may not recover such fees through a fee petition.[85] "Administrative tasks generally include, but are not limited to, opening a file in a database, entering case updates in a management system, mailing letters, copying documents, calendaring deadlines, confirming contact information, and talking with a process server or court clerk."[86]

Assuming *arguendo* that JPADRON is a compensable legal professional, the Court will exclude all of the challenged entries as they appear on their face, to be purely administrative tasks.[87]

   e.  **Lodestar Calculation**

For the reasons set forth above, the lodestar in this case is as follows:

| **Legal Professional** | **Reasonable Hourly Rate** | **Reasonable Hours Expended** | **Subtotal of Recoverable Fees** |
|---|---|---|---|
| Yaakov Saks, Esq. | $375.00 | 3.4 | $1,275.00 |
| Rachel Drake, Esq. | $325.00 | 8.1 | $2,632.50 |

---

[82] (D.E. 19, Def.'s Opp'n, at ¶8).

[83] (D.E. 16-6, Ex. B, Itemized Time & Expenses, at 1-2).

[84] (D.E. 19, Def.'s Opp'n, at ¶8).

[85] *Bilazzo*, 876 F. Supp. 2d at 471-72 (quoting *Pub. Interest Research Grp.*, 51 F.3d at 1188).

[86] *Id.* at 472.

[87] *Id.*

The Court will also add Mr. Saks' and Ms. Drake's remaining 3.8 hours for time billed at self-imposed reduced rates, which total $725.00.[88] Gem does not argue for a downward adjustment of the lodestar in this case, and accordingly, the Court will not do so *sua sponte*.[89] In conclusion, Ms. David is entitled to recover $4,632.50 in attorneys' fees and $499.00 in litigation costs, for a total award in the amount of $5,131.50.

An appropriate order follows.

## ORDER

**IT IS** on this Friday, October 13, 2017,

1. **ORDERED**, that Ms. David's motion for attorneys' fees and costs is hereby **GRANTED IN PART**; and it is

2. **ORDERED**, that judgment is entered against the Defendant and in favor of the Plaintiff for reasonable attorneys' fees in the amount of $4,632.50, plus costs and disbursements in this action in the amount of $499.00, amounting to a total of $5,131.50.



Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

10/13/2017 9:59:10 AM

Original: Clerk of the Court
cc: All parties
    File

---

[88] (D.E. 16-7, Ex. A, Itemized & Expense Charges).

[89] *Interfaith*, 426 F.3d at 711.